UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| A.R., | ) | |
| JAIMIE RILEY AND ALAN RILEY | ) | |
| ON BEHALF OF THEIR SON | ) | |
| | ) | |
| Plaintiffs | ) | Civil Action No.:1:15-CV-00152-SM |
| | ) | |
| v. | ) | |
| | ) | |
| SCHOOL ADMINISTRATIVE UNIT #23, | ) | |
| AND INTERIM SUPERINTENDENT | ) | |
| DR. DONALD A. LAPLANTE IN HIS | ) | |
| OFFICIAL CAPACITY | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER OF DEFENDANTS

Now come the Defendants, School Administrative Unit #23 and Dr. Donald A. LaPlante (hereinafter collectively the "District") and by way of Answer to the Complaint say as follows:

### PRELIMINARY STATEMENT

1. There are no allegations in this paragraph, rather, a narrative conclusory statement for which no response is required. To the extent any of the within statements may otherwise be construed against them, the District denies same.

### JURISDICTION

2. The allegations of this paragraph are a conclusion of law for which no response is required.

1

3. The allegations of this paragraph are a conclusion of law for which no response is required.

4. The allegations of this paragraph are a conclusion of law for which no response is required.

**VENUE**

5. The allegations of this paragraph are a conclusion of law for which no response is required.

**JURY TRIAL DEMANDED**

6. The allegations of this paragraph do not require a response.

**PARTIES**

7. Except to admit the residency of the minor and that he is an individual with disabilities, the District denies the remainder of the allegations of this paragraph.

8. The District admits only that it is a local education agency, a school district located at the address specified.

9. Admitted.

**FACTS**

10. Admitted.

11. Except to admit that A.R. has a complex seizure disorder with other associated neurological medical issues, and uses a dog certified as a multipurpose dog named Carina, the District denies the remainder of the allegations of this paragraph.

12. Except to admit that Carina began to accompany A.R. at some point in time, and that there is some relationship between the dog and an organization known as 4 Paws, the

District lacks knowledge sufficient to form a belief as to the truth of the allegations of the remainder of this paragraph.

13. The District lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

14. The District lacks knowledge sufficient to form a belief as to the truth of the allegations of the remainder of this paragraph.

15. This paragraph does not contain allegations for which a response is required and instead contains commentary about the behavior of the dog. To the extent a response is required, the District lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

16. This paragraph does not contain allegations for which a response is required and instead contains commentary about the behavior of the dog. To the extent a response is required, the District lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

17. This paragraph does not contain allegations for which a response is required and instead contains commentary about the behavior of the dog and the relationship of the dog to the minor Plaintiff. To the extent a response is required, the District lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

18. Except to admit that the Plaintiffs made requests of the District concerning the use of the dog, the District denies the remainder of the allegations of this paragraph.

19. The District denies the allegations of this paragraph.

20. Except to admit that the dog attended school during various school years, the District denies the remainder of the allegations of this paragraph.

21. The District lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

22. The District lacks knowledge as to any complaint filed with the US DOJ. The District admits that the parties entered into an agreement with the Dept. of Education Office for Civil Rights. The District has complied in all respects with that agreement and therefore denies the remainder of the allegations of this paragraph.

23. Except to admit that the minor Plaintiff had surgery in or about March 2015, the District denies the remainder of the allegations of this paragraph.

24. The District lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

25. The District denies the allegations of this paragraph as phrased.

## **FEDERAL CLAIMS**

## **COUNT I**

## **VIOLATION TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 USC §12132 et seq.**

26. The District reincorporates its responses to the preceding paragraphs as though set forth at length herein.

27. The allegations of this paragraph are a conclusion of law for which no response is required.

28. The allegations of this paragraph are a conclusion of law for which no response is required.

29. The allegations of this paragraph are a conclusion of law for which no response is required.

30. The allegations of this paragraph are a conclusion of law for which no response is required.

31. The allegations of this paragraph are a conclusion of law for which no response is required.

32. The allegations of this paragraph are a conclusion of law for which no response is required.

33. The allegations of this paragraph are a conclusion of law for which no response is required.

34. The District admits that the minor Plaintiff is an individual with a disability under Title II of the Americans with Disabilities Act. The remainder of the allegations of this paragraph are a conclusion of law for which no response is required.

35. The District denies the allegations of this paragraph.

36. The District denies the allegations of this paragraph.

    WHEREFORE, the District demands dismissal of this complaint with prejudice and with interest and costs thereon.

## COUNT II

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 USC §706

37. The District reincorporates its responses to the preceding paragraphs as though set forth at length herein.

38. Except to admit that the District receives federal financial assistance and that the minor Plaintiff is an individual with disabilities, the allegations of the remainder of this paragraph are a conclusion of law for which no response is required.

39. The District denies the allegations of this paragraph.

40. The District denies the allegations of this paragraph.

41. The District denies the allegations of this paragraph.

WHEREFORE, the District demands dismissal of this complaint with prejudice and with interest and costs thereon.

## **AFFIRMATIVE DEFENSES**

The District denies all allegations of liability and damages and raises the following defenses:

1. The District denies all claims of liability and damages.

2. Plaintiffs fail to state a claim upon which relief can be granted.

3. The minor Plaintiff's dog does not qualify as a service animal.

4. The minor Plaintiff is incapable of serving as the dog's handler.

5. Requiring the Plaintiffs to ensure that the minor Plaintiff is accompanied by an adult handler is consistent with the dog's certification and is necessary to ensure the health and well being of the minor Plaintiff, other students and staff.

6. The relief sought by Plaintiffs if granted would fundamentally alter the nature of the District's programs, activities and services.

7. The relief sought by the Plaintiffs if granted would require the District to provide personal services and devices in contravention of the ADA's Title II limitations.

8. The relief sought by Plaintiffs if granted would pose an undue burden on the District.

9. The District denies it violated any state, statutory or common law rights of Plaintiffs.

10. The Plaintiffs fail to set forth a violation of any rights afforded by the United States Constitution and as may be protected by Federal law.

11. The District at all times acted in good faith and in accordance with all applicable laws and regulations, and similarly did not violate any recognized public policies.

12. Pursuant to RSA 507-B and/or New Hampshire common law, the Plaintiff is not entitled to an award of punitive or enhanced compensatory damages.

13. Plaintiffs suffered no compensable damages as a result of any of the District's actions.

14. Plaintiffs have failed to exhaust applicable administrative remedies.

15. The District denies its actions were in any way intentional, wanton, malicious, oppressive, and/or reckless.

16. Plaintiffs have failed to mitigate their damages, if any.

17. Defendant's actions were not the proximate cause of any alleged injury to the Plaintiff.

18. The injuries and damages are the result of the negligence of third parties, over which the District had no control nor was legally responsible.

19. Defendant raises the defenses of state and federal statutory and common law immunities and limitations to all claims, including but not limited to:

    - discretionary function immunity;
    - official immunity;
    - qualified immunity;
    - R.S.A. 507-B:1, et seq.
    - R.S.A. 507-B:5;
    - R.S.A. 507-B:2; and
    - R.S.A. 507-B:4.

20. The Defendant reserves the right to request that the jury find fault against any and all potential joint tortfeasors regardless of whether they have been sued by the plaintiffs

or any other party, or whether they are protected from suit by any immunity or other legal bar to bringing such an action

21. Defendant reserves the right to rely on additional affirmative defenses should they become known during the course of discovery or trial.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

SAU #23 and Dr. Donald A. LaPlante
by their attorneys,

FEENEY & FRAAS, PLLC

Dated:  July 27, 2015                    By:     */s/ Dona Feeney*
                                         Dona Feeney, Esquire
                                         (N.H. Bar No. 12854)
                                         225 Bridge Street
                                         Manchester, NH 03104
                                         (603) 232-5469

                                         dfeeney@feeneyandfraas.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer has been transmitted through ECF to all parties so enrolled on July 27, 2015.

*/s/ Dona Feeney*
Dona Feeney, Esquire
dfeeney@feeneyandfraas.com